UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DON RANDAL JACKSON** | **CIVIL ACTION** |
| **VERSUS** | **NO: 08-4293** |
| **GROW & SON'S, INC. AND STRANCO, INC.** | **SECTION: "S" (1)** |

**ORDER AND REASONS**

**IT IS HEREBY ORDERED** that Stranco's Motion for Partial Summary Judgment Against Jackson and Grow & Son's, Inc. (Doc. #89) is **DENIED.**

Summary judgment is proper when, viewing the evidence in the light most favorable to the non-movant, "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Amburgey v. Corhart Refractories Corp., 936 F.2d 805, 809 (5th Cir. 1991); FED. R. CIV. PROC. 56(c).  If the moving party meets the initial burden of establishing that there is no genuine issue, the burden shifts to the non-moving party to produce evidence of the existence of a genuine issue for trial. Celeotex Corp. v. Catrett, 106 S.Ct. 2548, 2552 (1986).  The non-movant cannot satisfy the summary judgment burden with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence. Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).  If the opposing party bears the burden of proof at trial, the moving

party does not have to submit evidentiary documents to properly support its motion, but need only point out the absence of evidence supporting the essential elements of the opposing party's case. Saunders v. Michelin Tire Corp., 942 F.2d 299, 301 (5th Cir. 1991).

There are genuine issues of material fact regarding: whether Stranco assumed Jackson's contract with Bindewald; whether Stranco instructed Jackson to deal directly with it instead of with Grow; whether for how many yards of debris Jackson is owed payment and at what amount per yard; and, whether Stranco is entitled to a credit for paying Jackson's subcontractors.

New Orleans, Louisiana, this __2nd__ day of March, 2011.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**