UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DON RANDAL JACKSON                                CIVIL ACTION

VERSUS                                            NO: 08-4293

GROW & SON'S, INC. AND                            SECTION: "S" (1)
STRANCO, INC.

ORDER AND REASONS

**IT IS HEREBY ORDERED** that Stranco, Inc.'s Motion *In Limine* to exclude testimony, evidence, and argument that Don Randal Jackson had a contract with it to clear hurricane debris (Doc. #116) is **DENIED.**

Jackson was not a licensed contractor under Louisiana law when he entered into the alleged contract or at any time thereafter. Under Louisiana law, it is "unlawful for any person to engage or to continue in this state in the business of contracting, or to act as a contractor as defined in this Chapter, unless he holds an active licence as a contractor under the provisions of this Chapter." Louisiana Revised Statutes § 37:2160(A). Chapter 37 of the Louisiana Revised Statutes broadly defines a "contractor" as follows:

> "Contractor" means any person who undertakes to, attempts to, or submits a price or bid or offers to construct, supervise, superintend, oversee, direct, or in any manner assume charge of the construction, alteration, repair, improvement, movement, demolition, putting up, tearing down, or furnishing labor, or furnishing labor together with material or equipment, or installing the same for any building, highway, road, railroad, sewer, grading, excavation, pipeline, public utility structure, project development, housing, or housing development, improvement, or any other construction undertaking for which the entire cost of same is fifty thousand dollars or more when such property is to be used for commercial purposes other than a single residential duplex, a single residential triplex, or a single residential fourplex.

Id. at § 37:2150.1(4)(a). The term "contractor" includes general contractors and subcontractors. Id. at § 37:2150.1(4)(b). Louisiana's contractor licensing laws were enacted for:

> the protection of the health, safety, and general welfare of all those persons dealing with persons engaged in the contracting vocation, and the affording of such persons of an effective and practical protection against the incompetent, inexperienced, unlawful, and fraudulent acts of contractors with whom they contract.

Id. at § 37:2150.

There are material issues of fact regarding the exact nature of Jackson's work that preclude a finding at this time of whether he was required to have a Louisiana contractor's license to perform hurricane debris removal work. La. Rev. Stat. § 37:2756.1 provides that persons who desires to become a licensed contractor for handling hazardous materials must apply for a contractor's license. Section 37:2156.2 further specifies that a hazardous materials contractor's license includes the following subclassifications: asbestos removal and abatement, hazardous materials cleanup and removal, hazardous materials site remediation, and any other classification for which the Louisiana Department of Environmental Quality requires certification pursuant to law or regulation. The record before the court does not establish whether Jackson's hurricane debris removal work fits into one of the hazardous waste or other categories for which a contractor's license is required.

**IT IS FURTHER ORDERED** that Stranco's Motion *In Limine* to exclude testimony, evidence, and argument regarding amounts it earned in Abita Springs and for St. Tammany Parish hurricane clean up work (Doc. #116) is **GRANTED**. That testimony, evidence, and argument is irrelevant.

**IT IS FURTHER ORDERED** that Stranco's Motion *In Limine* to exclude testimony, evidence, and argument that Jackson had contracts with any workers on the clean up jobs and/or that Jackson has a claim for a $1.00 or $2.00 "override" over sums paid to the workers for their work (Doc. #116) is **DENIED.**

**IT IS FURTHER ORDERED** that Stranco's Motion *In Limine* to exclude testimony, evidence, and argument that Jackson is owed any money by Stranco based on lack of documentation or substantiation (Doc. #116) is **DENIED.**

**IT IS FURTHER ORDERED** that Stranco's Motion *In Limine* to exclude testimony, evidence, and argument that seeks to legitimate Jackson's claim that it was his "assumption" or "desire" to have an override on all waste removal from the Abita Springs work (Doc. #116) is **DENIED**.

**IT IS FURTHER ORDERED** that Stranco's Motion *In Limine* to exclude testimony, evidence, and argument regarding any alleged monies owed on the subcontract with Grow & Son's, Inc. (Doc. #116) is **DENIED WITHOUT PREJUDICE** to Stranco's reurging the motion as the testimony, evidence, or argument is presented at trial.

**IT IS FURTHER ORDERED** that Stranco's Motion *In Limine* to exclude testimony, evidence, and argument that Jackson owns or has proper standing or authority to bring a claim in contract or otherwise against Stranco where not authorized by other members of the joint venture to do so (Doc. #116) is **DENIED**.  There is no evidence that there was a joint venture at the time in question.

**IT IS FURTHER ORDERED** that Stranco's Motion to Dismiss for Lack of Jurisdiction (Doc. #121) is **GRANTED** as to dismissing all claims involving Grow, and **DENIED** as to dismissing the action.

Pursuant to 28 U.S.C. § 1332, "district courts have original jurisdiction over civil actions where the amount in controversy exceeds $75,000 and there is diversity between all parties. Luckett v. Delta Airlines, Inc., 171 F.3d 720, 723 (5th Cir. 2002) (citing 28 U.S.C. § 1332(a)). Section 1332(c)(1) provides that "a corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332. Further, "for purposes of diversity jurisdiction, the amount in controversy is established as of the date of the complaint." Hall v. Earthlink Network, Inc., 396 F.3d 500, 506 (2nd Cir. 2005).

The Louisiana Secretary of State revoked Grow's corporate charter on August 18, 2009. Thus, it is no longer incorporated in a state, and cannot sue or be sued in its name. See River Cities Construction Co., Inc. v. Barnard & Burk, Inc., 413 So.2d 666, 667-8 (La. Ct. App. 1982). Therefore, all claims involving Grow must be dismissed. However, the lawsuit is not dismissed for lack of jurisdiction due to the jurisdictional amount because the allegations in the complaint reasonably establish that more than $75,000 was in controversy at that time it was filed.

**IT IS FURTHER ORDERED** that Stranco's Motion *In Limine* to exclude testimony, evidence, and argument regarding Grow (Doc. #123) is **GRANTED.** That testimony, evidence, and argument it is irrelevant.

**IT IS FURTHER ORDERED** that Stranco's Motion *In Limine* to exclude testimony, evidence, and argument regarding the Bindewald contract and to strike John Bindewald as a witness

(Doc. #123) is **DENIED WITHOUT PREJUDICE** to Stranco's reurging the motion as the testimony, evidence, or argument is presented at trial.

**IT IS FURTHER ORDERED** that Stranco's Motion *In Limine* to exclude testimony, evidence, and argument from any person other than Jackson regarding the existence of a debris contract for Abita Springs (Doc. #123) is **DENIED WITHOUT PREJUDICE** to Stranco's reurging the motion as the testimony, evidence, or argument is presented at trial.

**IT IS FURTHER ORDERED** Jackson's Motion *In Limine* to exclude testimony, evidence, and argument regarding the amount of debris hauled in areas of St. Tammany Parish outside of Abita Springs and payments made to or by any party for the work done in areas of St. Tammany Parish outside of Abita Springs (Doc. #125) is **GRANTED.** That testimony, evidence, and argument is irrelevant.

**IT IS FURTHER ORDERED** Jackson's Motion *In Limine* to exclude testimony, evidence, and argument regarding the criminal proceedings against him in St. Tammamy Parish (Doc. #125) is **GRANTED.** That testimony, evidence, and argument is irrelevant.

**IT IS FURTHER ORDERED** Jackson's Motion *In Limine* to exclude testimony, evidence, and argument regarding Jackson's status as a licensed contractor (Doc. #125) is **DENIED** for the reasons explained above.

**IT IS FURTHER ORDERED** Jackson's Motion *In Limine* to exclude testimony, evidence, and argument regarding the deposition testimony of Carey Corwin (Doc. #125) is **GRANTED**, except for impeachment purposes if Jackson attempts to bolster his case by referring to records that he claims are in Corwin's possession.

**IT IS FURTHER ORDERED** Jackson's Motion *In Limine* to exclude testimony, evidence, and argument regarding the deposition testimony of Tayra Paul (Doc. #125) is **DENIED**, except for information that may be privileged.

**IT IS FURTHER ORDERED** Jackson's Motion *In Limine* to exclude testimony, evidence, and argument regarding the deposition testimony of Kalle Corwin (Doc. #125) is **GRANTED**. That testimony, evidence, and argument is irrelevant.

**IT IS FURTHER ORDERED** Jackson's Motion *In Limine* to exclude testimony, evidence, and argument regarding inappropriate behavior with Kalle Corwin (Doc. #136) is **GRANTED**. That testimony, evidence, and argument is irrelevant.

**IT IS FURTHER ORDERED** Stranco's Motion *In Limine* to exclude testimony, evidence, and argument regarding or referencing truck tickets on which Jackson claims he is owed money but on which his name does not appear is **DENIED.**

**IT IS FURTHER ORDERED** Jackson's objections to Stranco's exhibits (Doc. #137) are ruled upon as follows:

(1) **SUSTAINED** as to the September 8, 2005 Agreement between Contractor (Omni Pinnacle, LLC) and Subcontractor (Stranco, Inc.) because it is irrelevant.

(2) **SUSTAINED** as to the September 9, 2005 Contract by and between Grow and Stranco because it is irrelevant.

(3) **SUSTAINED** as to Stranco's ledger of payments to Jackson insofar as it was not produced in discovery, and **OVERRULED** as to the portions thereof that were produced in discovery.

6

(4) **SUSTAINED** as to the February 6, 2011 declaration of Donna Cooper because she will testify at trial, except for impeachment purposes.

(5) **SUSTAINED** as to Jackson's depositions because he will testify at trial, except for impeachment purposes.

(6) **SUSTAINED** as to Carey Corwin's deposition, except for impeachment purposes if Jackson attempts to bolster is case by referring to records that he claims are in Corwin's possession.

(7) **OVERRULED** as to Tayra Paul deposition, except for information that may be privileged.

(8) **SUSTAINED** as to Donna Cooper's deposition because she will testify at trial, except for impeachment purposes.

(9) **SUSTAINED** as to a list of Abita Springs debris tickets from Jackson insofar as it was not produced in discovery, and **OVERRULED** as to the portions thereof that were produced in discovery.

(10) **SUSTAINED** as to Jackson's deposition from another case because he will testify at trial, except for impeachment purposes.

(11) **SUSTAINED** as to the portions of Stranco's ledger of money due from Jackson to subcontractors that relate to worked performed in areas other than Abita Springs.

(12) **SUSTAINED** as to portions of Stranco's ledger of vendor payments to Jackson that relate to worked performed in areas other than Abita Springs.

(13) **SUSTAINED** as to portions of the releases and copies of all checks from all subcontractors that relate to worked performed in areas other than Abita Springs.

(14) **SUSTAINED** as to portions of the Grow checks paid to Jackson with waivers and releases that relate to worked performed in areas other than Abita Springs.

(15) **SUSTAINED** as to portions of the cancelled checks from Omni Pinnacle, LLC that relate to worked performed in areas other than Abita Springs.

(16) **SUSTAINED** as to portions of the cancelled checks from Stranco to all subcontractors that relate to worked performed in areas other than Abita Springs.

New Orleans, Louisiana, this  20th  day of October, 2011.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**