# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**DON RANDAL JACKSON**                                    **CIVIL ACTION**

**VERSUS**                                                          **NO: 08-4293**

**GROW & SON'S, INC. AND**                           **SECTION: "S" (1)**
**STRANCO, INC.**

### ORDER AND REASONS

    **IT IS HEREBY ORDERED** that Stranco, Inc.'s Renewed Motion for Judgment as a Matter of Law and Companion Motion for New Trial (Doc. #176) is **DENIED**.

### BACKGROUND

    This matter is before the court on a renewed motion for judgment as a matter of law, or alternatively, motion for a new trial filed by defendant Stranco, Inc.  Stranco moves the court to set aside the jury's verdict in favor of the plaintiff.

    After Hurricane Katrina, plaintiff, Don Randal Jackson, who is a licensed contractor in Florida, entered into oral subcontracts with Grow & Son's, Inc. and Stranco whereby Jackson was to be paid for removing hurricane debris from Abita Springs, Louisiana.  Jackson filed this suit against Stranco and Grow alleging that he was not paid under those contracts.[1]  Stranco filed a counterclaim against Jackson alleging that it overpaid for Jackson's services because it paid Jackson's subcontractors directly.

    The matter was tried before a jury from October 24, 2011 to October 26, 2011.  At the trial,

---

[1]   Grow went out of business, and was dismissed prior to trial.

the parties entered a stipulation that there was an oral contract between Stranco and Jackson for the removal of Hurricane Katrina debris from Abita Springs, but that there was a dispute regarding whether the agreed upon amount was $6.00 per cubic yard or $7.00 per cubic yard.  Jackson testified that the rate was $7.00 per cubic yard, and that he was the only contractor working on hurricane debris removal in Abita Springs during the relevant time.  Franklin Kyle, the president of Kyle and Associates, which was the independent engineering firm that audited the amount of debris removed from Abita Springs, testified at trial as to the amount of debris that was removed from Abita Springs.

During the trial, Stranco moved for judgment as a matter of law arguing that Jackson did not produce sufficient evidence to support his claim because he had no documentation to support his testimony regarding the amount per cubic yard, or that he was the only contractor removing hurricane debris from Abita Springs during the relevant time.  The court denied the motion.

The jury rendered a verdict in favor of Jackson in the amount of $161,381.43.  On November 22, 2011, Stranco filed a renewed motion for judgment as a matter of law, and alternatively, a motion for new trial.

## ANALYSIS

### A.      Legal Standard

Pursuant to Rule 50(b), if the court does not grant a motion for judgment as a matter of law during a jury trial, the movant may file a renewed motion for judgment as a matter of law, and include an alternative or joint request for a new trial under Rule 59.  "In evaluating [a Rule 50] motion . . . the court is to view the entire record in the light most favorable to the non-movant, drawing all factual inferences in favor of . . . the non-moving party, and leaving credibility

2

determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts

to the jury." Conkling v. Turner, 18 F.3d 1285, 1300 (5th Cir. 1994) (citing Anderson v. Liberty

Lobby, Inc., 106 S.Ct. 2505, 2513 (1986)).  A Rule 50

> motion for judgment as a matter of law will be granted only if the
> facts and inferences point so strongly and overwhelmingly in favor
> of one party that the Court believes that reasonable men could not
> arrive at a contrary verdict . . .   On the other hand, if there is
> substantial evidence opposed to the motions, that is, evidence of such
> quality and weight that reasonable and fair-minded men in the
> exercise of impartial judgment might reach different conclusions, the
> motions should be denied.

Brown v. Bryan County, OK, 219 F.3d 450, 456 (5th Cir. 2000) (citations omitted).  Granting a Rule

50 motion "is not a matter of discretion, but a conclusion of law based upon a finding that there is

insufficient evidence to create a fact question for the jury." In re Litterman Bros. Energy Sec. Litig.,

799 F.2d 967, 972 (5th Cir. 1986) (citing Lubbock Feedlots, Inc. v. Iowa Beef Processors, Inc., 630

F.2d 250, 269 n. 22 (5th Cir. 1980), cert. denied, 107 S.Ct. 1373 (1987).

**B.     Stranco's Motion**

Stranco argues that it is entitled to a judgment as a matter of law or a new trial because the

jury committed four errors.  First, Stranco argues that the jury was confused as to the meaning of

the stipulation because the jury did not give Stranco credit for the payments it made to Grow,

Jackson, and Jackson's subcontractors.  Stranco argues that if the jury applied the credits properly,

it would have found that Jackson owed it.  Stranco also argues that the jury erred in relying upon

Jackson's "unsubstantiated" testimony that his contractual rate with Stranco was $7.00 per cubic

yard.  Further, Stranco argues that the jury erred in concluding that Jackson was the only contractor

hauling hurricane debris from Abita Springs during the relevant time because Stranco's representatives testified that there were other contractors that were also performing such work. Finally, Stranco argues that the jury erred in finding in Jackson's favor because, if the jury had used the verified documents produced by Stranco, it would have found that Jackson owed money to Stranco.

Stranco also argues that the court lacked subject matter jurisdiction to hear the case because Grow was dismissed from the case, and Jackson's claim against it did not meet the jurisdictional minimum. Additionally, Stranco argues that Jackson admitted that he was part of a joint venture with the Stephens brothers, and therefore, did not have standing to bring this suit. Further, Stranco argues that the jury was prejudiced by seeing its invoices to the general contractor, OMNI, because those invoices included amounts that did not pertain to Jackson's claims.

The jury did not commit any of the errors assigned by Stranco. The jury heard all of the evidence pertaining the payments Stranco made to Jackson, Grow, and Jackson's subcontractors, the per cubic yard rate agreed upon by Jackson and Stranco, whether there were other contractors hauling Hurricane Katrina debris in Abita Springs, and Jackson's lack of documentation. In each instance, the jury made appropriate credibility determinations that are supported by the evidence and are within their province. There are not overwhelming facts and inferences that point so strongly in Stranco's favor that reasonable jurors could not arrive at a verdict for Jackson.

Further, Stranco's argument regarding the court's jurisdiction, Jackson's status as a participant in a joint venture, and the OMNI invoices were raised in motions *in limine* and/or objections at trial. Stranco cannot re-urge its arguments yet again. The court has ruled that it had

4

subject matter jurisdiction at the time the action was filed, which was not affected by subsequent events.  Further, Jackson testified at trial that he did not have a joint venture with the Stephens brothers, instead, they were his subcontractors.  The Stephens brothers did not testify at trial. Therefore, the court will not revise its previous rulings, Stranco's motion is DENIED.

## CONCLUSION

**IT IS HEREBY ORDERED** that Stranco, Inc.'s Renewed Motion for Judgment as a Matter of Law and Companion Motion for New Trial (Doc. #176) is **DENIED**.

New Orleans, Louisiana, this <u>14th</u> day of March, 2012.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**